UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 12-1633(DSD)

Charles W. Ries,

       Plaintiff,

v.                                        **ORDER**

Daniel Lindsay,

       Defendant.

     This adversary proceeding was initiated in bankruptcy court by a bankruptcy trustee asserting a fraudulent-transfer claim under 11 U.S.C. § 548.  ECF No. 1-1.  Defendant demands a jury trial and does not consent to trial of the matter by the bankruptcy court.  Thus, the bankruptcy court ordered that the adversary proceeding be transferred to the district court pursuant to Local Rule 5011-3(a).[1]  ECF No. 1-17.

     The transfer to the district court is premature at this early stage in the adversary proceeding.  The interests of judicial economy are best served by returning the proceeding to the bankruptcy court to use that court's expertise until the proceeding

---

[1] Local Rule 5011-3(a) states in relevant part:
> On the [bankruptcy] judge's own initiative or on motion of a party in interest, the bankruptcy judge shall transfer to the district court: 1) any proceeding in which the court has determined that there is a right to trial by jury of the issues for which a jury has been timely demanded, and the parties have not consented to the bankruptcy judge conducting the jury trial.

is trial ready. See In re Healthcentral.com, 504 F.3d 775, 787-88 (9th Cir. 2007) (finding defendant's Seventh Amendment right to jury trial in district court does not require immediate transfer of the proceeding to the district court, and bankruptcy court's retention of proceeding until it is trial ready promotes judicial economy by using bankruptcy court's specialized knowledge of Title 11 actions); In re Enron Corp., 318 B.R. 273, 275-76 (S.D.N.Y. 2004) (denying withdrawal at the "early stage" of adversary proceeding because bankruptcy court's retention of the proceeding "until the case is trial-ready would further the interests of judicial economy"); In re Petters Co., 440 B.R. 805, 810 (Bankr. D. Minn. 2010) (stating bankruptcy court's retention of proceeding for pre-trial matters "make[s] best use of the specialized expertise of the bankruptcy judiciary").

Accordingly, the case is remanded to the bankruptcy court until the proceeding is trial ready.

Dated: August 15, 2012

                                          s/David S. Doty
                                          David S. Doty, Judge
                                          United States District Court